Richard S. SORANNO; Southwest Advertising, Inc., Plaintiffs–Appellants,

v.

CLARK COUNTY; Chuck Jenner, Defendants–Appellees.

No. 02–16199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2003.

Filed Oct. 3, 2003.

Dominic P. Gentile, Dominic P. Gentile, Ltd., Las Vegas, NV, for the plaintiffs-appellants.

Michael L. Foley, Deputy District Attorney, Las Vegas, NV, for the defendants-appellees.

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

## OPINION

SCHROEDER, Chief Judge:

Southwest Advertising, Inc., and its owner, Richard Soranno (collectively, "Soranno"), brought this action in federal district court seeking declaratory and injunctive relief that would require Clark County to issue Soranno permits to place newsracks on certain sidewalks of the Las Vegas Strip. The sidewalks in question are on land that is privately owned by casinos, but the sidewalks are subject to a public easement for pedestrian use. Their history is explained in *Venetian Casino Resort, LLC v. Local Joint Executive Board of Las Vegas*, 257 F.3d 937, 939–40 (9th Cir. 2001). The County has an ordinance requiring permits for newsracks on public rights of way along the Las Vegas Strip. *See* Clark County, Nev., Code § 16.08.052(g) (2001). Between May 1999 and May 2000, Soranno applied for a number of permits, but the County denied his applications.

Soranno filed this action in May 2001, arguing that the denial of permits infringed on his First Amendment rights to freedom of expression and his Due Process rights under the Fourteenth Amendment. The district court dismissed Soranno's action on the ground that it lacked jurisdiction over the claim, and that Soranno had failed to join the private landowners as indispensable parties. *Southwest Adver. Inc. v. County of Clark*, 202 F.Supp.2d 1141 (D.Nev.2002). Soranno appealed.

At the time Soranno submitted his applications, County permits were required for newsracks placed along the strip on any "public right-of-way," Clark County, Nev., Code § 16.08.052 (2000) which was defined as "any place of any nature which is dedicated to use by the public for pedestrian and vehicular travel, and includes, but is not limited to, a … sidewalk." *Id.* § 16.08.010(3) (2000). This would appear to require permits for Soranno's newsracks. The County, however, maintains that it has a long-standing practice of not requiring permits for newsracks on private property. In November 2001, six months after Soranno commenced this litigation, the County amended its ordinance to reflect this practice. The amended ordinance redefined "public right-of-way" to mean "any place of any nature which is dedicated to use by the public for pedestrian or vehicular travel *and is owned or*

*maintained by a city, county, state or other governmental body,* and includes but is not limited to, a ... sidewalk." *Id.* § 16.08.010(3) (2001) (emphasis added). Thus, under the amended ordinance, the County expressly no longer requires permits for newsracks on sidewalks owned or maintained by private entities. Soranno's claim against the County to issue him permits is therefore moot. *See Smith v. Univ. of Wash., Law Sch.,* 233 F.3d 1188, 1195 (9th Cir.2000).

Because the County's amendment to the ordinance in November 2001 mooted Soranno's claim for relief, we vacate the judgment below and order the district court to dismiss Soranno's complaint. *See Sample v. Johnson,* 771 F.2d 1335, 1338, 1343 (9th Cir.1985).

We express no opinion on the merits of any claims Soranno may have against the County or private landowners in the event that a landowner or the County bars Soranno from placing newsracks on, or removes such newsracks from, privately-owned sidewalks.

VACATED AND REMANDED.